UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DAVID LEATHERBERRY,

        Plaintiff,

       v.                          Case No. 24-cv-913

ANDREW BAHR, et al,

        Defendants.

─────────────────────────────────────────────

**SCREENING ORDER**

─────────────────────────────────────────────

Plaintiff David Leatherberry, a former prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Leatherberry's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Leatherberry has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Leatherberry has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.00. The Court will grant Leatherberry's motion for leave to proceed without prepaying the filing fee.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Leatherberry was a public citizen in Hartford, Wisconsin. Dkt. No. 1. Defendants are Police Officers Andrew Bahr, Craig Beine, James Fidler, Steven Nurkala, Dirk

Stolz, Washington County Police Department, Hartford Police Department and John Doe Police Officers #1-3. *Id*.

On May 14, 2023, Leatherberry was at the Bank Shot Sports Bar waiting for friends. *Id*. at 2. While at the bar, he saw two individuals in police uniforms (who he later discovered were Officers Bahr and Beine) intently looking at him or in his direction. *Id*. Leatherberry later went outside to smoke a cigarette and his friends texted him to meet in a new location, the Mineshaft bar, located about 70 feet away. *Id*. Leatherberry went to the new bar, and within minutes, Officers Bahr and Beine were behind him asking to see his ID because he looked "suspicious." *Id*. at 2-3. Leatherberry declined and said he was going to the bathroom and then going home. *Id*. at 3. The officers said he had "nothing to worry about" but stood in front of the bathroom door to block entry, so Leatherberry went towards the front door. *Id*. As he went out the front door, he saw one of the officers' hands near his taser. *Id*. Out of fear of the taser, Leatherberry ran for about 30 to 40 seconds before being tased. *Id*. Leatherberry states that the officers never told him their purpose, or that they were trying to arrest him, until *after* he had already started running. *Id*. at 3-4. Once he was tased, they kicked him to the ground, and applied leg irons and handcuffs that were attached around his back. *Id*. at 4. Despite being on the ground and secured, Officers Bahr and Beine, along with Officer Fidler, Officer Nurkala, Officer Stolz, and John Doe Officers #1-3 (all of whom arrived on the scene later), kicked him, kneed him, punched him, and tased him six to eight more times, for a total of about 25 minutes. *Id*. For relief, Leatherberry seeks monetary damages. *Id*. at 6-8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

v. *E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A claim that a police officer used excessive force is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). To state a claim, Plaintiff must allege that an officer's actions were objectively unreasonable in light of the specific circumstances, including "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [] actively resist[ed] arrest or attempt[ed] to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)).

Leatherberry alleges that, although he initially fled from Officers Bahr and Beine, they eventually told him that he was being arrested, and were able to secure him on the ground with leg irons and handcuffs that were attached around his back. Despite being on the ground and secured, Officer Bahr and Officer Beine, along with Officer Fidler, Officer Nurkala, Officer Stolz, and John Doe Officers #1-3, kicked him, kneed him, punched him, and tased him six to eight more times, for a total of about 25 minutes. Based on these allegations, the Court can reasonably infer that the officers may have used an unreasonable amount of force during the May 14 arrest. Accordingly, Leatherberry may proceed on a Fourth Amendment excessive force claim against Officer Bahr, Officer Beine, Officer Fidler, Officer Nurkala, Officer Stolz, and John Doe Officers #1-3 in connection with the May 14, 2023 arrest. The Court will dismiss the Washington County Police Department and the Hartford Police Department from the case because they are not "persons" subject to suit under Section 1983. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

## CONCLUSION

The Court finds that Leatherberry may proceed on a Fourth Amendment excessive force claim against Officer Bahr, Officer Beine, Officer Fidler, Officer Nurkala, Officer Stolz, and John Doe Officers #1-3 in connection with the May 14, 2023 arrest.

**IT IS THEREFORE ORDERED** that Leatherberry's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. Leatherberry should submit payment to the Clerk of Court for the **$338.00** balance of the filing fee as he is able.

**IT IS FURTHER ORDERED** that Washington County Police Department and Hartford Police Department are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Officer Bahr, Officer Beine, Officer Fidler, Officer Nurkala, Officer Stolz pursuant to Federal Rule of Civil Procedure 4. Leatherberry is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Officer Bahr, Officer Beine, Officer Fidler, Officer Nurkala, Officer Stolz shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Leatherberry is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Leatherberry may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on October 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
