IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID LEATHERBERRY,

    Plaintiff,

v.

Case No. 24-CV-913

ANDREW BAHR, CRAIG BEINE,
JAMES FIDLER, STEVEN NURKALA,
DIRK STOLZ, JOHN DOE 1, JOHN DOE
2 and JOHN DOE 3,

    Defendants.

## DEFENDANTS OFFICER ANDREW BAHR, OFFICER CRAIG BEINE, AND OFFICER JAMES FIDLER'S BRIEF IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS

Defendants Officer Andrew Bahr, Officer Craig Beine, and Officer James Fidler (herein, "City Defendants"), by their attorneys Crivello, Nichols & Hall, S.C., hereby submit this brief in support of their Motion to Stay Proceedings.

### FACTUAL BACKGROUND

On July 19, 2024, Plaintiff filed the instant action, claiming excessive force, unreasonable seizure and violation of substantial due process by the City Defendants in violation of the Fourth Amendment, the Eighth Amendment, the Fifth Amendment, and the Fourteenth Amendment. (Dkt. 1). Specifically, Plaintiff alleged that on May 14, 2023, he entered Bank Shot, a bar in Hartford, Wisconsin, to socialize with some friends and noticed two police officers, Officer Bahr and

Officer Beine, looking "intently at [him] or in [his] direction." *Id.* at 2. Plaintiff then left Bank Shot, walked over to another bar, Mineshaft, and went to order a drink. *Id.* at 3. Officer Bahr and Officer Beine walked over to the Mineshaft and Officer Bahr asked to see Plaintiff's I.D. *Id.* Plaintiff then told the officers he was going to go home and started to leave through the front door. *Id.* Plaintiff alleged the officers followed closely behind him with their hands near their tasers. *Id.* Plaintiff claimed he ran from the officers because of the officers' "intimidating presence." *Id.* Plaintiff claimed the officers tased him after chasing him for 30-40 seconds and did not announce themselves until the foot chase had already commenced. *Id.* at 3-4. Plaintiff alleged the officers kicked, kneed, punched, and tased him for 25 minutes until the officers got Plaintiff's hands behind his back. *Id.* at 4. Law enforcement arrested Plaintiff, and he was charged with the following crimes:

(1) One count resisting or obstructing an officer, in violation of Wis. Stat. § 946.41(1);

(2) One count possession of cocaine, in violation of Wis. Stat. § 961.41(3g)(c);

(3) One count possession of drug paraphernalia, in violation of Wis. Stat. § 961.573(1); and

(4) One count attempting to disarm a peace officer, in violation of Wis. Stat. §§ 939.32 and 941.21.

(Meyer Decl., ¶ 3, Ex. A)[1].

---

[1] The City Defendants respectfully request this Court take judicial notice of the filings in and proceedings of *State of Wisconsin v. David Glen Leatherberry*, Washington County Case No. 23-CF-224.

On May 15, 2023, Leatherberry had his initial appearance, and the court held a preliminary hearing on July 17, 2023. (*Id.* at Mar. 15, 2023, and July 17, 2023, entries). The court took testimony from Officer Bahr, found probable cause, and bound Leatherberry over for trial. (*Id.* at July 17, 2023, entry). At the arraignment, Leatherberry pled not guilty on all counts. (*Id.* at Sept. 6, 2023, entry). On February 15, 2024, Leatherberry filed a motion to suppress evidence, alleging an unlawful *Terry* Stop. (*Id.* at Feb. 15, 2024, entry). The court held a motion hearing, again taking testimony from Officer Bahr. (*Id.* at May 1, 2024, entry). The court ultimately denied the motion to suppress. (*Id.* at Aug. 13, 2024, entry). The state criminal proceedings are still in progress, with the next hearing to occur on December 3, 2024. (See generally, *id.*).

On October 17, 2024, this Court issued a Screening Order. (Dkt. 9). This Court found that Leatherberry may proceed on his Fourth Amendment excessive force claim against Officer Bahr, Officer Beine, Officer Fidler, Deputy Nurkala, Deputy Stolz and John Doe Officers #1-3. (*Id.* at p. 5).

## ARGUMENT

The abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). The *Younger* doctrine severely limits the authority of a federal court to enjoin pending state

3

criminal proceedings. See, *e.g., Indiana v. Haws,* 131 F.3d 1205, 1210 (7th Cir.1997) (refusing to provide declaratory judgment concerning a defendant's right to counsel because the effect of such judgment would interfere with ongoing state criminal proceedings).

The *Younger* doctrine applies to federal damage suits because "a federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine . . . or preclude . . . the State's consideration of some issues." *Majors v. Engelbrecht,* 149 F.3d 709, 714 (7th Cir.1998) (citing *Simpson v. Rowan,* 73 F.3d 134, 137-39 (7th Cir.1996) and *Deakins v. Monaghan,* 484 U.S. 193, 208-09, 108 S.Ct. 523, 98 L.Ed.2d 529 (1998) (White, J., concurring)). The *Younger* abstention doctrine has been extended to apply to federal claims that would seriously interfere with any state court proceedings-whether criminal, civil or administrative-so long as those proceedings are judicial in nature. See *Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir.1994).

Unlike other forms of abstention, application of the *Younger* doctrine is absolute. As the Supreme Court explained in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 1246 n. 22, 47 L.Ed.2d 483 (1976), when a case meets the *Younger* criteria, the district court must abstain. When a court abstains under *Younger,* it must stay, rather than dismiss, § 1983 claims for money damages that cannot be redressed in the state proceeding;

4

otherwise, the plaintiff's claims may be time-barred by the time the state case is resolved. *Deakins v. Monaghan,* 484 U.S. 193, 202-03, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Majors,* 149 F.3d at 714.

Here, abstention pursuant to the *Younger* doctrine is appropriate and this Court should stay the civil proceedings until Plaintiff's underlying criminal conviction is resolved. There is too great a risk that Plaintiff's federal claims in this suit would seriously interfere with any state court proceedings in Plaintiff's underlying criminal case. *See Trust & Inv. Advisers, Inc.,* 43 F.3d at 294. In his federal complaint, Leatherberry challenged the actions of law enforcement officers who apprehended and arrested him, which led to the criminal charges. (See generally, Dkt. 1). Any decisions made on the federal claims could either undermine or preclude the State court's consideration of certain issues or, alternatively, have a large probability of interfering with the state criminal charges because whether law enforcement violated Leatherberry's constitutional rights during his apprehension and arrest would affect whether the criminal charges were lawful. Thus, this Court should stay the instant case until the underlying criminal matter is resolved.

## CONCLUSION

For the above-stated reasons, the City Defendants respectfully request this Court issue an ordering staying proceedings pending final disposition of the underlying criminal proceedings.

Dated this 13th day of November, 2024.

> By: */s Brianna J. Meyer*
> STEVEN C. McGAVER
> State Bar No. 1051898
> BRIANNA J. MEYER
> State Bar No. 1098293
> MAIA I. HENTGES
> State Bar No. 1138038
> Attorneys for Defendants, Andrew Bahr, Craig Beine, and James Fidler
> CRIVELLO, NICHOLS & HALL, S.C.
> 710 N. Plankinton Avenue, Suite 500
> Milwaukee, WI 53203
> Phone: (414) 271-7722
> Fax: (414) 271-4438
> E-mail: smcgaver@crivellolaw.com
> bmeyer@crivellolaw.com
> mhentges@crivellolaw.com