UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID LEATHERBERRY,

        Plaintiff,

    v.                                    Case No. 24-cv-913

ANDREW BAHR, et al,

        Defendants.

## ORDER STAYING AND ADMINISTRATIVELY CLOSING THE CASE

Plaintiff David Leatherberry, a former prisoner who is representing himself, is proceeding on a Fourth Amendment claim that Defendant Police Officers Andrew Bahr, Craig Beine, James Fidler, Steven Nurkala, Dirk Stolz, and John Doe Officers #1-3 used excessive force during his May 14, 2023 arrest. Dkt. Nos. 1 & 9. On November 14, 2024, Leatherberry filed a motion for leave to file an amended complaint, along with a proposed amended complaint. Dkt. No. 20. The proposed amended complaint realleges all of the facts and allegations from the original complaint and asks to add a Fourth Amendment unlawful detention claim in connection with his May 14, 2023 arrest. Dkt. No. 20-1. The Court has reviewed the proposed amended complaint and it alleges that Defendants arrested him on May 14, 2023 for no legitimate reason other than to harass him at a bar (i.e. without probable cause). *See id*. The Court therefore concludes that Leatherberry may also proceed on a related Fourth Amendment unlawful detention claim in connection with the May 14, 2023 arrest. Dkt. No. 20-1. Accordingly, the Court will grant the motion for leave to file an amended complaint and will direct the Clerk's office to detach the proposed amended complaint and file it as the operative Amended Complaint in this case. *See* Fed. R. Civ. P. 15(a)(2) (noting

that "[t]he court should freely give leave [to amend] when justice so requires."). However, for reasons explained below, the Court will not order service of the Amended Complaint on Defendants; nor do Defendants need to file a responsive pleading to the Amended Complaint at this time.

On November 13, 2024, Defendants filed a motion to stay this case under the *Younger* Abstention doctrine. Dkt. No. 16. Defendants explain that, in connection with the incidents of May 14, 2023, Leatherberry has been criminally charged with: (1) resisting or obstructing an officer under Wis. Stat. § 946.41(1); (2) possession of drugs and drug paraphernalia under Wis. Stat. §§ 961.41(3g)(c) & 961.573(1); and (3) attempting to disarm a peace officer under Wis. Stat. §§ 939.32 & 941.21.[1] *Id*. at 2. They explain that these state court criminal charges are still on-going; and they argue that resolution of the federal constitutional claims in this lawsuit would interfere with those state court proceedings. *Id*. The Court agrees.

Under the *Younger* Abstention doctrine, federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *see also SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). As a general rule, federal claims relating to alleged illegal searches, seizures, and detentions meet implicate *Younger* because they involve constitutional issues that will likely be litigated during the course of a criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). In connection with this case specifically, if this Court were to find that Defendants used excessive force during the May 14 arrest, that ruling might interfere directly with the on-going state court criminal charges of resisting/obstructing an officer as well as attempting to disarm a

---

[1] *See State of Wisconsin v. David Glen Leatherberry,* case no. 23CF224, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF000224&countyNo=66&index=0&mode=details (last visited Jan. 17, 2025).

2

peace officer. The factual basis of the criminal charges for resisting/obstructing an officer and attempting to disarm an offer is necessarily intertwined with the federal claim for excessive force. Similarly, if this Court were to find that Defendants did not have probable cause to arrest him on May 14, that determination might interfere with the on-going state court criminal charge of possession of drugs and drug paraphernalia. Given the issues in both proceedings, deciding the federal constitutional claims in this court could (and likely would) undermine the state court criminal proceeding. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir.1995). Therefore, the Court will grant the motion to stay and will administratively close this case. *See Shaw v. Cnty. of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) (noting that civil rights claims for monetary damages may become time-barred by the time a state prosecution has concluded; therefore, the Court must stay and administratively close a case rather than dismissing it.).

Leatherberry is advised that it is his responsibility to file a motion to reopen the case, lift the stay, and serve the amended complaint once his state court criminal proceedings have concluded. State court criminal proceedings include post-conviction motions and other appellate relief. *See Simpson,* 73 F.3d at 138. Leatherberry should also be aware that the outcome of his state court criminal proceedings may impact whether he can continue proceeding with this case. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (concluding that a state prisoner cannot seek damages in a §1983 suit if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence.") Toward that end, if Leatherberry is convicted of any of the state court criminal charges, he cannot bring a Fourth Amendment claim contradictory to those charges under §1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*.

**IT IS THEREFORE ORDERED** that Leatherberry's motion for leave to amend the complaint (Dkt. No. 20) is granted. The Clerk's office is directed to detach the proposed amended complaint (Dkt. No. 20-1) and file it as the operative Amended Complaint in this case.

**IT IS FURTHER ORDERED** that Defendants' motion to stay (Dkt. No. 15) is **GRANTED**. The Clerk's office is directed to **ADMINISTRATIVELY CLOSE** this case. It is Leatherberry's responsibility to file a motion to reopen the case, lift the stay, and serve the amended complaint after his state court proceedings have concluded. State court criminal proceedings include post-conviction motions and other appellate relief. *See Simpson,* 73 F.3d at 138.

Dated at Milwaukee, Wisconsin on January 17, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge